# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| DANIELLE GODDARD, on behalf | * | No. 17-7V |
| of her minor child, A.G., | * | Special Master Christian J. Moran |
| | * | |
| Petitioner, | * | Filed: May 17, 2018 |
| | * | |
| v. | * | Stipulation; pneumococcal vaccine; |
| | * | hepatitis A vaccine; hepatitis B |
| SECRETARY OF HEALTH | * | vaccine; HiB vaccine; varicella |
| AND HUMAN SERVICES, | * | vaccine; immune thrombocytopenic |
| | * | purpura ("ITP") |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner; Mallori B. Openchowski, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On May 16, 2018, the parties filed a joint stipulation concerning the petition for compensation filed by Danielle Goddard on January 3, 2017, on behalf of her child, A.G. In the petition, Ms. Goddard alleged that the pneumococcal (2/11/2014), HiB vaccines, (2/11/2014), hepatitis A (6/29/2016), hepatitis B (6/20/2016), and varicella (6/29/2016) vaccines, which are all contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a), caused A.G. to suffer immune thrombocytopenic purpura. Petitioner further alleges that A.G. suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the vaccines either caused or significantly aggravated A.G.'s alleged injury or any other injury, and denies that A.G.'s current disabilities are the result of a vaccine-related injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum payment of $7,689.97 in the form of a check payable to petitioner for past unreimbursable medical expenses; and**

b. **A lump sum payment of $148,000.00 in the form of a check payable to petitioner, as guardian/conservator of A.G.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a), except as set forth in paragraph a.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 17-7V according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DANIELLE GODDARD, on behalf of her minor child, A.G., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 17-07V <br> Special Master Moran <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Danielle Goddard, as the natural guardian of A.G., filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the pneumococcal, Hib, Hepatitis B ("Hep. B"), Hepatitis A ("Hep. A") and varicella vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. A.G. received a pneumococcal and Hib vaccine on or about February 11, 2014. He received a Hep. B vaccination on June 20, 2016, and Hep. A and varicella vaccinations on June 29, 2016.

3. The vaccines were administered within the United States.

4. Petitioner alleges that A.G. suffered immune thrombocytopenic purpura ("ITP") that was caused-in-fact by his vaccinations. Petitioner further alleges that A.G. experienced the residual effects of his injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on A.G.'s behalf as a result of his condition.

6. Respondent denies that the pneumococcal, Hib, Hep. B, Hep. A, and varicella vaccines, alone or in combination, caused or significantly aggravated A.G.'s alleged injuries, any other injury, or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> (a) A lump sum payment of $7,689.97, in the form of a check payable to petitioner, Danielle Goddard, for past unreimbursable medical expenses; and
>
> (b) A lump sum of $148,000.00, in the form of a check payable to petitioner, as guardian/conservator of A.G.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a), except as set forth in paragraph 8.a.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceedings upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable

under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation, will be used solely for the benefit of A.G., as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of A.G.'s estate under the laws of the State of Arizona. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of the Estate of A.G. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the Estate of A.G. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of A.G., upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as legal representative of A.G., on behalf of herself, A.G., and her heirs, executors,

administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of A.G. resulting from, or alleged to have resulted from vaccinations administered on or about February 11, 2014, June 20, 2016, and June 29, 2016, as alleged by petitioner in a petition for vaccine compensation filed on or about January 3, 2017, in the United States Court of Federal Claims as petition No. 17-7V.

15. If A.G. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the pneumococcal, Hib, Hep. B, Hep. A, and varicella vaccines, alone or in combination, caused or significantly aggravated A.G.'s ITP or any other injury or his current condition.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as legal representatives of A.G.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*/s/ Danielle Goddard*
DANIELLE GODDARD

ATTORNEY OF RECORD FOR PETITIONER:

*/s/ Andrew D. Downing*
ANDREW D. DOWNING
VAN COTT & TALAMANTE
3030 North Third Street
Suite 790
Phoenix, AZ 85012
(602) 257-9160

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*/s/ Catharine E. Reeves*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*Ward Sorensen for*
NARAYAN NAIR, M.D.
Director, Division of
Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*/s/ Mallori B. Openchowski*
MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0660

Dated: 5/15/18