# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| DANIELLE GODDARD, on behalf | * | No. 17-7V |
| of her minor child, A.G., | * | Special Master Christian J. Moran |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Filed: October 23, 2018 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | Attorneys' Fees and Costs. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

<u>Andrew D. Downing</u>, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner;
<u>Mallori B. Openchowski</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Danielle Goddard brought a successful petition for compensation from the National Childhood Vaccine Compensation Program. She now seeks an award for attorneys' fees and costs. She is awarded $35,167.48.

\* \* \*

Represented by Andrew Downing, Ms. Goddard filed a petition for compensation on behalf of her child, A.G., on January 3, 2017. Ms. Goddard claimed that various vaccines that A.G. received, all of which are contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused A.G. to suffer from immune

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

thrombocytopenic purpura.  The parties were able to informally resolve the case, entering a joint stipulation that was then adopted.  <u>Decision</u>, issued May 17, 2018, 2018 WL 3030148.  On June 8, 2018, Ms. Goddard moved for reimbursement of her fees and costs.  In the Secretary's response to petitioner's motion, he noted that he was satisfied that the statutory requirements for the fees award were met and deferred to the undersigned to decide a reasonable award for fees and costs.  Resp't's Resp., filed June 13, 2018, at 2-3.

This matter is now ripe for adjudication.

\*     \*     \*

Because Ms. Goddard received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether Ms. Goddard's requested amount is reasonable.  Ms. Goddard's fees and costs are addressed in turn.

### I. Attorney and Paralegal Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  <u>Id.</u> at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  <u>Id.</u> at 1348.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See <u>Shea v. Sec'y of Health & Human Servs.</u>, No. 13-737V, 2015 WL 9594109, at \*2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

#### A. <u>Reasonable Hourly Rate</u>

The undersigned has recently evaluated Mr. Downing's rates as well as the rates of his associates and paralegals.  See <u>Bourche v. Sec'y of Health & Human Servs.</u>, No. 15-232V, 2017 WL 2480936, at \*3 (Fed. Cl. Spec. Mstr. May 11,

2

2017).  The rates charged here are largely consistent with the rates set in <u>Bourche</u> and are, accordingly, reasonable.

  B. <u>Reasonable Number of Hours</u>

  The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  <u>See Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993).

  Generally speaking, for a case of this complexity, the number of hours billed appears high in the undersigned's experience.  However, the undersigned does not have the benefit of having observed the proceedings beyond what is contained in the docket and what was discussed in the two status conferences held.  The Secretary, having participated in every aspect of this litigation, does not have that limitation.  Thus, his position on the reasonableness of the number of hours billed in this case could inform the adjudication of Ms. Goddard's motion.  The Secretary's decision to not participate in the fees adjudication is, once again, both salient and unfortunate.

  Nevertheless, an examination of the individual billing entries provides, at least some, explanation for why the overall amounts appear excessive.  Particularly problematic are entries from Danielle Avery, a paralegal, who appears to have overbilled for several entries and also billed for work that was clerical or secretarial in nature.  It is well established that secretarial work is not compensable, even at paralegal rates.  <u>See, e.g.</u>, <u>Bratcher v. United States</u>, 136 Fed. Cl. 786, <u>reconsideration denied sub nom.</u> <u>Michael A. v. United States</u>, 137 Fed. Cl. 645 (2018) (declining to reimburse for work even at paralegal rates when plaintiffs failed to demonstrate that the work was not "largely clerical or secretarial in nature").  In the present case, Ms. Avery billed 0.2 hours on numerous instances for calendaring scheduling orders and reading other pro forma orders and reports.  <u>See</u> Pet'r's Fees Mot. at PDF 22-26.  Ms. Avery, after both status conferences, billed an additional 0.1 hours (on top of the time spent reviewing the order issued following the status conference) for the review of the boilerplate minute entry that documented that a status conference had taken place.  <u>Id.</u> at PDF 28.  Reading these entries takes a de minimis about of time.

  While the undersigned is troubled by these specific billing entries that show that Mr. Downing's firm billed for time excessively, the real concern is that these specific entries could suggest a broader problem in the firm's billing practices.  Mr. Downing is encouraged to review the firm's billing practices and ensure that all entries are accurate and represent compensable work.

Notwithstanding these concerns, Mr. Downing and his associates did, characteristically, good work and it also appears that Mr. Downing obtained a good result for his client and thus for the Program as well. The concerns that the undersigned holds with regards to the billing entries are, hopefully, a temporary lapse in billing judgment that can be addressed going forward. Accordingly, a $1,000 deduction in the overall fee award is sufficient at this time to address the concerns raised above. If Mr. Downing and his firm continues the aforementioned practices, more substantial deductions may be necessary going forward.

## II. Costs

Ms. Goddard also moves for reimbursement of $3,897.88 in costs. This amount includes routine costs associated with obtaining medical records, the filing fee, and copying materials. These costs are reasonable and are awarded in full.

Ms. Goddard also requests reimbursement for $2,500 spent establishing a conservatorship for A.G. Costs of this nature are sometimes challenged by the Secretary. In the absence of a challenge from the Secretary for these fees in this specific case, the undersigned is inclined to agree with the petitioner that the fees were reasonable and necessary for the purpose of pursuing Ms. Goddard's vaccine claim. Thus, the undersigned awards them in full.

\* \* \*

Accordingly, petitioner is awarded:

**A lump sum of $35,167.48 in the form of a check made payable to petitioner and petitioner's attorney, Andrew D. Downing.**

These amounts represents reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master